UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MORGAN PEREZ, ) | C/A No. 4:12-606-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| WARDEN BROAD RIVER CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Morgan Perez (Petitioner/Perez), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 1, 2012. Respondent filed a motion for summary judgment on June 8, 2012, along with a return, supporting memorandum, and exhibits. (Docs. #18 and #19). The undersigned issued an order filed June 11, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). Petitioner failed to file a response.

### RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's order requiring him to respond. Petitioner has not filed any documents with this court since the filing of his petition on March 1, 2012. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the undersigned will address the Respondent's motion for summary judgment arguing the petition should be dismissed as it was not timely filed under the one-year statute of limitations.

**PROCEDURAL HISTORY**

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Richland County convictions and sentence. The Richland County Grand Jury indicted Petitioner at the August 2006 term of court for murder (2006-GS-40-4965, App. 149-50) and armed robbery (2006-GS-40-5253, App. 151-52). Danielle F. Payne, Esquire, and Lauren Mobley, Esquire, represented him on these charges.

On June 25, 2007, a jury trial began. App. 1-71. However, Petitioner changed his plea on June 26th, and he pleaded guilty, as indicted, before the Honorable L. Casey Manning. Judge Manning sentenced Petitioner to concurrent terms of thirty years imprisonment for each offense. App. 71-103.

Petitioner did not appeal his convictions or sentence. However, he filed a *pro se* Post-Conviction Relief (PCR) Application (2008-CP-40-03243) on May 7, 2008. App. 105-11. He alleged the following grounds for relief in his Application:

9(a). Ineffective assistance of counsel.
10(a). Counsel failed to file a direct appeal and perfect a direct appeal. Counsel failed to investigate and develop a defense, fail[ed] to inform me of the consequences of [my] guilty plea, misinformed me on elements of [the] crime, parole [and] deportation.
9(b). Unknowing, unintelligent, and involuntary guilty plea.
10(b). Guilty plea was made unknowingly, unintelligently, and involuntarily. Plea[] was made under duress and absent clear understand[ing] of element of crime.
9(c). Due process violations, Brady violations.
10(c). Forensic evidence was not fully provided nor all witnesses interviews were provided by the prosecution in violation of Brady and my [right to] due process.

App. 105-11. The State filed its Return on March 18, 2009. App. 112-19.

The Honorable G. Thomas Cooper, Jr., held an evidentiary hearing into the matter on August 12, 2009, at the Richland County Courthouse. Petitioner was present at the hearing; and Charles T. Brooks, III, Esquire, represented him. Assistant Attorney General Brian T. Petrano represented the

State. Petitioner testified on his own behalf, and he presented the testimony of one of his trial attorneys, Ms. Payne. App. 120-38.

On January 21, 2010, Judge Cooper filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. Petitioner timely served and filed a notice of appeal. App. 148. Assistant Appellate Defender LaNelle Cantey Durant represented him in collateral appellate proceedings. On June 29, 2010, Ms. Durant filed a <u>Johnson</u> Petition for Writ of Certiorari[3] on Perez's behalf and petitioned to be relieved as counsel. The only Question Presented in the <u>Johnson</u> Petition was stated as follows:

> Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily and intelligently entered into?

<u>Johnson</u> Petition for Writ of Certiorari at p. 2. Petitioner did not file a *pro se* response to the <u>Johnson</u> Petition. The South Carolina Supreme Court filed an Order denying certiorari and granting counsel's petition to be relieved on August 4, 2011. It sent the Remittitur to the Richland County Clerk of Court on August 23, 2011.

### **GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds, quoted verbatim:

GROUND ONE: Ineffective assistance of counsel.

SUPPORTING FACTS: My counsels' performance were deficient and fell below reasonable professional norms, and there is a reasonable probability that if counsels' errors were not maded, then the result would have been different. And I would have been perceived of the evidence against me before trial, so I would have knowledge of my case like my counsels.

4

| | |
|---|---|
| GROUND TWO: | Due Process. |
| SUPPORTING FACTS: | My counsels did not explain or advised me about the priviledge in pleaing guilty, which have deprived me of my acknowledgment of a guilty plea. |
| GROUND THREE: | Involuntary guilty plea. |
| SUPPORTING FACTS: | Guilty plea was maded unknowingly, unintelligently and involuntarily and plea maded under duress and absent clear understand of element of crime. |
| GROUND FOUR: | Direct appeal. |
| SUPPORTING FACTS: | Counsels refused to do a direct appeal for me after my Guilty Plea, and I had asked them to do a direct appeal for me. So this action made my counsels deficient in their performance with prejudiced in seeking for a relief in high courts. |

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

5

judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local

6

Rules 7.04, 7.05, D.S.C.

## ANALYSIS

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

7

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty in state court on June 26, 2007. Petitioner's conviction became final ten (10) days after his plea since he did not serve a notice of appeal. Therefore, his conviction became final after the expiration of the ten days and the one-year limitations period began running on July 9, 2007. Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. See, e.g., Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner filed a PCR application on May 7, 2008. Therefore, at least three hundred and two (302) days lapsed between the conviction becoming final and the time the PCR was filed. The South Carolina Supreme Court dismissed his case and issued the remittur to the Richland County Clerk of Court on August 23, 2011. Petitioner filed this habeas petition on March 1, 2012, with a Houston v. Lack, supra, delivery date of February 29, 2012. However, even using the date of February 29, 2012, another one hundred ninety-one (190) days of non-tolled time expired. Therefore, there were at least four hundred ninety-six (492) days of non-tolled time since the Petitioner's one-year limitations period began to run. Hence, the instant petition is time barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." Woodford v. Garceau, --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000). As we held in Harris, however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to

9

> the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001) (quoting Harris, 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

### **CONCLUSION**

Based on the foregoing, it is RECOMMENDED that the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b). In the alternative, it is

RECOMMENDED that Respondent's motion for summary judgment (document #19) be

10

GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied as it is barred by the statute of limitations, and the petition dismissed without an evidentiary hearing.

                                      Respectfully Submitted,

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
August 27, 2012                     United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**