IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MORGAN PEREZ, | ) | Civil Action No.: 4:12-606-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN BROAD RIVER | ) | **ORDER AND OPINION** |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Morgan Perez is an inmate in custody of the South Carolina Department of Corrections who is currently housed at the Broad River Correctional Institution in Columbia, South Carolina. Petitioner, proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Rules 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling

On June 8, 2012, Respondent filed a motion for summary judgment in which Respondent argued that Petitioner's habeas corpus claims should be dismissed as untimely under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). By order filed June 11, 2012, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed no response to the motion for summary judgment.

On August 27, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within complaint be dismissed pursuant to Rule 41(b) of the Federal Rules

-2-

of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court.  (ECF No. 28.)   In the alternative, the Magistrate Judge recommended that the Respondent's motion for summary judgment be granted. (*Id.*)  The Report and Recommendation (ECF No. 28) was mailed to Petitioner on August 28, 2012. (ECF No. 29.)  The Magistrate Judge specifically advised the plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 28-1.)  Petitioner has filed no objections, and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper.  Accordingly, the Report and Recommendation is accepted and incorporated herein by reference.

This action is **DISMISSED** with prejudice  pursuant to Federal Rules of Civil Procedure 41(b) for failure to prosecute and failure to comply with the orders of this court.

-3-

## Certificate of Appealability

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied

    IT IS SO ORDERED.

                                                /s/ Mary G. Lewis
                                                United States District Judge

Spartanburg, South Carolina
November 8, 2012